IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIDLAND STATES BANK d/b/a<br>MIDLAND EQUIPMENT FINANCE, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. 3:22-cv-00331 |
| WRIGHT'S CHARTERS, INC., and<br>ELIZABETH WRIGHT | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**ORDER OF DISMISSAL RETAINING JURISDICTION**
**TO ENFORCE CERTAIN TERMS OF SETTLEMENT**

The parties filed a Joint Stipulation of Dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) signed by Plaintiff's counsel and Defendants' counsel (Doc. 33). The joint stipulation indicates that Plaintiff MIDLAND STATES BANK d/b/a MIDLAND EQUIPMENT FINANCE ("Midland Bank"), and Defendants WRIGHT'S CHARTERS, INC. ("Wright's Charter") and ELIZABETH WRIGHT ("Wright") (collectively, the "Defendants") (collectively with Midland Bank, the "Parties"), have entered into a Settlement Agreement, which is attached to the joint stipulation as Exhibit A (Doc. 33-1).

Pursuant to the Settlement Agreement and the Joint Stipulation of Dismissal, the Parties have agreed to dismiss the case without prejudice. The dismissal is conditioned upon the Court retaining jurisdiction to enforce certain terms of the Settlement Agreement, including any stipulated judgment against the Defendants, jointly and

severally, upon an uncured event of default, as set forth in Paragraph 3 of the Settlement Agreement. The Parties further agree that, unless a Motion to Reinstate has been filed on or before August 27, 2026, this case will be treated for all purposes as dismissed with prejudice after August 27, 2026, without further order of Court.

Typically, a joint stipulation of dismissal filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) "terminates the case all by itself," takes effect upon filing, and requires no judicial approval. *Jenkins v. Vill. Of Maywood*, 506 F.3d 622, 624-25 (7th Cir. 2007). But in the instant case, the parties are asking the Court to retain jurisdiction to enforce certain terms of the Settlement agreement.

A district court does not have jurisdiction to enforce a settlement agreement merely because dismissal of a lawsuit is premised upon that agreement. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380–82 (1994). If a suit is dismissed *with* prejudice, the district court cannot adjudicate disputes arising from the settlement merely by stating it is retaining jurisdiction. *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007); *Balshe LLC v. Ross*, 441 F.App'x 395, 396 (7th Cir. 2011). But if the order of dismissal or judgment explicitly incorporates the settlement, or reserves authority to enforce the settlement for a limited time, the court possesses ancillary jurisdiction to enforce it. *Kokkonen*, 511 U.S. at 380–82; *White v. Adams*, 2009 WL 773877, at *4 (7th Cir. 2009). Such an order (even in a "without prejudice" situation) is a form of injunction, and as such must comport with Federal Rule 65(d)'s requirement that "Every order granting an injunction … shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint

or other document, the act or acts sought to be restrained." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006); *Shapo v. Engle*, 463 F.3d 641, 644–45 (7th Cir. 2006).

With these principles in mind, the Court modifies the parties' proposed Order of Dismissal and **ORDERS** as follows:

1. The above-captioned matter is hereby dismissed without prejudice.

2. The Court shall retain jurisdiction over the Parties to enforce the following Settlement Agreement Terms:

    a. The Defendants, jointly and severally, shall pay to Midland the sum of **$135,000.00** (the "Settlement Amount'), as follows: thirty-six (36) consecutive monthly payments of $3,750, beginning on March 27, 2023 continuing on the twenty-seventh (27th) day of each subsequent month until paid in full. For the avoidance of doubt, the Defendants are not entitled to a credit for the sale of the Equipment against their obligation to pay the Settlement Amount.

    *See* Settlement Agreement, Paragraph 2.

    b. If Defendants fail to make any payment when due pursuant to Paragraph 2, such event shall constitute an Event of Default of this Settlement Agreement. Upon an Event of Default, Midland or its counsel shall give written Notice of Default to Defendants by email to their counsel Daryl Robinson at dairyI_robins06@hotmail.com, and to the Defendants at wrightscharters@aol.com. **Defendants shall have three (3) business days following the date of the Notice of Default to cure any default**.

    If the Defendants fail to timely cure the Event of Default, Midland shall have the right, but not the obligation, to immediately reinstate the Litigation and enter a judgment in its favor and against Wright's and Mrs. Wright, jointly and severally, in the amount of $227,859.01 (comprising: principle of S172,085.81; Repossession expense of $3,795.00; Repair expense of $4,671.52; and interest at 9.9% from April 13, 2020 to Dec 5, 2022 of $47,306.68), plus interest at nine and nine tenths percent (9.9%) per annum calculated from December 6, 2022 to the date of judgment, plus reasonable attorneys' fees and

costs (incurred from the date when Midland first referred the matter for collection), less: 1) any payments made under this Settlement Agreement; 2) the net auction proceeds which credit shall be at least thirty thousand dollars ($30,000.00) regardless of the net amount actually received by Midland. The aforementioned judgment against the Defendants shall be referred to as the "Stipulated Judgment."

For clarity, Midland in consideration for the Defendants' waiver of their defenses below agree, solely in the context of the entry of the Stipulated Judgment, to give the Defendants a minimum credit of $30,000.00 for the sale of the Equipment, even if the Equipment does not sell. However, to the extent the net proceeds of the Equipment exceed $30,000.00, Midland shall credit the Stipulated judgment for such amount in excess of $30,000.00. Defendants acknowledge that if there is not a default under the Settlement Agreement (resulting in the entry of judgment), Midland shall retain the Settlement Amount and all sales proceeds of the Equipment.

The Parties agree that an affidavit of an employee of Midland or of one of Midland's attorneys shall be sufficient to establish the exact sums due and owing pursuant to this Settlement Agreement and shall be sufficient to obtain entry of the Stipulated Judgment.

**In the event of an uncured Event of Default, Wright's and Mrs. Wright waive any and all defenses related to the Agreement, Guaranty, Equipment, Litigation, the sale of the Equipment, the Auction and/or the Stipulated Judgment, including failure to mitigate damages and/or failure to conduct a commercially reasonable sale (in the past or in the future) of the Equipment. However, Wright's and/or Mrs. Wright may dispute only: 1) the existence of a default under this Settlement Agreement; the 2) the mathematical calculation of the sums due and owing under this Settlement Agreement; or 3) the reasonableness of Midland's attorneys' fees.** The Defendants acknowledge that the Equipment will be sold at auction and waive further notice any sale of the Equipment. Defendants agree that the auction of the Equipment is a commercially reasonable manner in which to sell the Equipment. Midland's acceptance of a late payment shall not constitute a waiver of any of its rights and/or remedies with respect to any future payment(s) not made in strict accordance with the terms of this Settlement Agreement.

*See* Settlement Agreement, Paragraph 3 (emphasis supplied).

3. Unless a Motion to Reinstate has been filed on or before August 27, 2026, this case will be treated for all purposes as dismissed with prejudice after August 27, 2026, without further order of Court.

The Clerk is **DIRECTED** to close this case and to enter judgment accordingly.

SO ORDERED.

Dated: April 19, 2023

DAVID W. DUGAN
United States District Judge